IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DEREK KYLE AUVENSHINE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:17-CV-294-Y |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**OPINION AND ORDER**

Before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Derek Kyle Auvenshine, a state prisoner, against Lorie Davis, director of the Texas Department of Criminal Justice, Correctional Institutions Division, Respondent. After having considered the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be denied.

**I. Factual and Procedural History**

On May 29, 2015, in the 415th District Court, Parker County, Texas, Case Nos. CR14-0087, CR14-0088, CR14-0089, and CR15-0236, a jury found Petitioner guilty on two counts of aggravated assault of a peace officer with a deadly weapon, one count of unlawful possession of a firearm by a felon, and one count of evading arrest or detention with a vehicle. Subsequently, Petitioner pleaded true to sentence-enhancement allegations in each indictment, and the

jury assessed his punishment at forty-five years' imprisonment for each aggravated assault, twenty-seven years' imprisonment for unlawful possession of a firearm, and thirty-five years' imprisonment for evading arrest. (Clerk's R. 127, doc. 13-2; Clerk's R. 111, doc. 13-19; Clerk's R. 111, doc. 14-7; Clerk's R. 102, doc. 14-11.) Petitioner appealed his convictions, but the Seventh District Court of Appeals of Texas affirmed the trial court's judgments. (Mem. Op. 11, doc. 13-17.) He did not seek further direct review but did file four post-conviction state habeas-corpus applications challenging his convictions, which were denied by the Texas Court of Criminal Appeals without written order. (Action Taken, docs. 14-15, 14-17, 14-19 & 14-21.) This federal petition for habeas relief followed.

The state appellate court summarized the facts of the case as follows:

> Acting on a tip from the Fort Worth Police Department regarding the whereabouts of Adam Crooks, the White Settlement Police Department conducted surveillance on the house at which he was supposed to be located and confirmed the presence of two men and a green Jeep Grand Cherokee at that location. Many of the White Settlement police officers were familiar with Crooks, who was wanted that day in January 2014 for parole violation. The two men got in the Jeep and left the residence, passing officer William "Bill" Ross located in a nearby parking lot. Ross announced by radio that the driver of the Jeep matched the description given of Crooks: short, dark hair and a goatee. As was planned, Ross attempted a traffic stop. As was feared, the Jeep fled from Ross, embarking on what would become high-speed pursuit covering two counties and involving several White Settlement police units.

Having reached speeds of approximately 120 miles per hour, the Jeep exited the freeway onto a farm-to-market road, having left Tarrant County and entered into Parker County. The Jeep tried to make a right-hand turn too fast, nearly flipped over, and spun around, such that the Jeep was then facing Ross's vehicle. At that point, Ross, who had remained the lead unit in the pursuit, came upon the Jeep, now stalled as the driver apparently attempted to reorient the vehicle. With the Jeep now facing Ross's vehicle, Ross drove toward the Jeep's driver side. As Ross's vehicle and the Jeep met, the driver of the Jeep pointed a gun out the window toward Ross. Ross maneuvered his vehicle so as to provide him cover from expected gunfire, got his rifle, exited the vehicle, and began firing toward the Jeep as it began to pull away from the scene.

Following shortly behind Ross was Corporal Joshua Dacus, who saw the gun being pointed at Ross and who, it appears, collided with the Jeep and then approached its passenger side. At that point, Dacus saw [Petitioner] reach across the cabin and point the gun at him. Dacus was also able to see that Crooks was the passenger. The driver was able to maneuver the Jeep away from the gunfire and other arriving police units and continue flight for a short while. The Jeep eventually veered off the road, hit an embankment, flipped rear over front, and landed on its passenger side. The driver, who, like Crooks, also had short, dark hair and a goatee and who was later identified as [Petitioner], crawled out of the vehicle and took off over a hill. Ross, who had gotten back into his car after his first encounter with the Jeep and arrived at the scene of the crash after other officers, again exited his vehicle and fired his rifle, hitting [Petitioner] and effectively ending the chase. Medical care was summoned for [Petitioner]. The passenger, Crooks, was arrested without further incident. A search of the Jeep found a variety of incriminating items, including a firearm.

(Mem. Op. 2-3, doc. 13-17.)

## II. Issues

Petitioner claims in four grounds that he received ineffective assistance of counsel at trial and on appeal (grounds one and

three); that the state engaged in prosecutorial misconduct (ground two); and that the trial court failed to conduct impartial court proceedings (ground four). (Pet. 6-7, doc. 5.)

### III. RULE 5 STATEMENT

Respondent believes that Petitioner has sufficiently exhausted his state-court remedies as to his claims and that the petition is neither time-barred nor subject to the successive-petition bar. (Resp't's Answer 6, doc. 12.)

### IV. LEGAL STANDARD FOR GRANTING HABEAS-CORPUS RELIEF

A § 2254 habeas petition is governed by the heightened standard of review provided for in the Anti-Terrorism and Effective Death Penalty Act (AEDPA). See 28 U.S.C. § 2254. Under the Act, a writ of habeas corpus should be granted only if a state court arrives at a decision that is contrary to or an unreasonable application of clearly established federal law as established by the United States Supreme Court or that is based on an unreasonable determination of the facts in light of the record before the state court. *See* 28 U.S.C. § 2254(d)(1)–(2); *Harrington v. Richter,* 562 U.S. 86, 100 (2011). This standard is difficult to meet but "stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings." *Richter*, 562 U.S. at 102.

Additionally, the statute requires that federal courts give

great deference to a state court's factual findings. *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. This presumption of correctness applies to both express and implied findings of fact. *Valdez v. Cockrell,* 274 F.3d 941, 948 (5th Cir. 2001). Further, when the Texas Court of Criminal Appeals denies relief on a state habeas-corpus application without written order, typically it is an adjudication on the merits, which is likewise entitled to this presumption. *Singleton v. Johnson,* 178 F.3d 381, 384 (5thj Cir. 1999); *Ex parte Torres,* 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). In such a situation, a federal court may infer fact findings consistent with the state court's disposition and assume that the state court applied correct standards of federal law to the facts, unless there is evidence that an incorrect standard was applied. *Townsend v. Sain,* 372 U.S. 293, 314 (1963); *Schartzle v. Cockrell,* 343 F.3d 440, 443 (5th Cir. 2003); *Catalan v. Cockrell,* 315 F.3d 491, 493 n.3 (5th Cir. 2002); *Valdez,* 274 F.3d at 948 n.11; *Goodwin v. Johnson,* 132 F.3d 162, 183 (5th Cir. 1997). A petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); *Williams v. Taylor*, 529 U.S. 362, 399 (2000).

Petitioner raised his claims in his state habeas applications,

5

and, based on the record, the habeas court entered express findings that there were no disputed issues of fact; that the claims were "not proper" for habeas relief; and that the claims were "without relief." (WR-86,769-01 Writ Rec'd 203, doc. 14-16.) The court therefore concluded that relief should be denied. In turn, the Texas Court of Criminal Appeals denied the applications without written order. Thus, to the extent more particularized findings were not made by the state court as to each claim, this Court will infer fact findings consistent with the state courts' disposition and, absent any evidence that incorrect standards were applied, assume that the state courts applied correct standards of federal law as determined by the United States Supreme Court.

## V. Discussion

*1. Ineffective Assistance of Counsel*

A criminal defendant has a constitutional right to the effective assistance of counsel at trial and on the first appeal as of right. U.S. CONST. amend. VI, XIV; *Evitts v. Lucey,* 469 U.S. 387, 396 (1985); *Strickland v. Washington*, 466 U.S. 668, 688 (1984). To establish ineffective assistance of counsel a petitioner must show (1) that counsel's performance fell below an objective standard of reasonableness and (2) that but for counsel's deficient performance the result of the proceeding would have been different. *Strickland*, 466 U.S. at 688. Both prongs of the *Strickland* test must be met to demonstrate ineffective assistance. *Id.* at 687, 697. In applying

6

this test, a court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Id*. at 668, 688-89. Judicial scrutiny of counsel's performance must be highly deferential and every effort must be made to eliminate the distorting effects of hindsight. *Id.* at 689.

The United States Supreme Court set out in *Richter* the manner in which a federal court is to consider an ineffective-assistance-of-counsel claim raised in a habeas petition subject to AEDPA's strictures:

> The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland's* standard. Were that the inquiry, the analysis would be no different than if, for example, this Court were adjudicating a *Strickland* claim on direct review of a criminal conviction in a United States district court. Under AEDPA, though, it is a necessary premise that the two questions are different. For purposes of § 2254(d)(1), "an *unreasonable* application of federal law is different from an *incorrect* application of federal law." A state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself.

562 U.S. at 101 (quoting *Williams,* 529 U.S. at 410). Accordingly, it is necessary only to determine whether the state courts' rejection of Petitioner's ineffective-assistance claims was contrary to or an objectively unreasonable application of *Strickland. Bell v. Cone,* 535 U.S. 685, 698-99 (2002); *Kittelson v. Dretke,* 426 F.3d 306, 315-17 (5th Cir. 2005); *Schaetzle v. Cockrell,* 343 F.3d 440, 443 (5th Cir. 2003).

Under his first ground, Petitioner claims his trial counsel were ineffective by failing to—

(1) investigate physical evidence ("full videos") and present them in court;

(2) investigate witnesses and subpoena them for court;

(3) obtain rulings on multiple motions filed pro se by Petitioner;

(4) impeach witnesses; and

(5) move for suppression of "altered states" evidence.

(Pet. 6-7, doc. 5.)

Petitioner claims that trial counsel were ineffective by failing to investigate physical evidence, the full dashcam videos, and present them in court. (Pet. 6, doc. 5.) Specifically, he contends that counsel should have demanded "to receive all video sequences recorded on dashcam video" from the state. (Pet'r's Mem. 3, doc. 1.[1]) Pursuant to the open-file policy of the Tarrant County District Attorney's Office, presumably trial counsel was provided with full discovery, including all dashcam videos, in the state's possession. Petitioner failed to present evidence in state court that additional dashcam videos exist or that those that do exist, and were admitted into evidence, had been altered in any manner. This claim is conclusory with no evidentiary basis. Such allegations do not raise a constitutional issue in a federal habeas

---

[1]Because petitioner's memorandum is not paginated, the pagination in the ECF header is used.

proceeding. *See Ross v. Estelle,* 694 F.2d 1008, 1011-12 (5th Cir. 1983).

Petitioner claims that counsel were ineffective by failing "to investigate witnesses requested and subpoena them for court." (Pet. 6, doc. 5.) According to Petitioner, counsel should have secured an expert witness to testify regarding the video systems in police vehicles; to explain why officer Ross's dashcam recorder did not record the whole incident; and to show that the "total video transmission could have been recovered." (Pet'r's Mem. 3-4, doc. 1; Pet'r's Reply 1, doc. 17.) He also asserts that counsel should have secured and subpoenaed witnesses to "establish how little injury the police vehicle sustained," which, in turn, would have established that he did not intend any assault on the police officers. (Pet'r's Mem. 3-4, doc. 1.) Complaints based upon uncalled witnesses are not favored in federal habeas review because "speculations as to what these witnesses would have testified is too uncertain." *Evans v. Cockrell,* 285 F.3d 370, 377 (5th Cir. 2002); *Alexander v. McCotter,* 775 F.2d 595, 602 (5th Cir. 1985). Therefore, to show the prejudice required to support an ineffective-assistance claim premised on the failure to call a witness, a petitioner must show that the witness was available and would in fact have testified at trial in a manner beneficial to the defense. *Evans,* 285 F.2d at 377. This showing is required for claims regarding both uncalled lay and expert witnesses alike. *See*

9

*Day v. Quarterman,* 566 F.3d 527, 538 (5th Cir. 2009). Petitioner failed to identify any uncalled witnesses in state court or submit any affidavits or other evidence that they would have been willing to testify on his behalf and that their testimony would have been favorable. Thus, his ineffective-assistance claim based on failure to present witnesses is entirely speculative. If the only evidence of a missing witness's testimony is from the defendant, courts view with great caution claims of ineffective assistance based on failure to call that witness. *See Sayre v. Anderson,* 238 F.3d 631, 635 (5th Cir. 2001); *Lockhart v. McCotter,* 782 F.2d 1275, 1282 (5th Cir. 1986). Failure to produce affidavits or similar evidentiary support from uncalled witnesses is fatal to Petitioner's claim. *Sayre,* 238 F.3d at 636 (complaint of uncalled witnesses failed where petitioner failed to present affidavits from the missing witnesses).

Petitioner claims that counsel were ineffective by failing to obtain rulings on multiple motions filed *pro se* by him. (Pet. 6, doc. 5.) The record does not contain any *pro se* motions purportedly filed by Petitioner and he failed to include copies of any such *pro se* motions with his state habeas application. This conclusory claim fails to present a cognizable claim. *See Ross,* 694 F.2d at 1011. Petitioner complains for the first time in his reply to Respondent's answer to his federal habeas petition that, instead of *pro se* motions, motions filed by counsel were never ruled upon.

10

(Pet'r's Reply 2, doc. 17.) However, new legal theories and/or factual issues raised for the first time in a reply brief need not be considered on federal habeas review. *See United States v. Sangs,* 31 F. App'x 152, 2001 WL 1747884, at *1 (5th Cir. Dec.11, 2001) (affirming, in § 2255 context, district court's refusal to consider issue raised for the first time in reply to government's answer to habeas petition) (citing *United States v. Cervantes,* 132 F.3d 1106, 1111 (5th Cir. 1998)).

Petitioner claims that counsel were ineffective by failing to impeach witnesses. (Pet. 6, doc. 5.) Again, Petitioner failed to identify these witnesses or what evidence could have been used as impeachment evidence in the state courts. Such bald assertions have no probative evidentiary value. *See Ross,* 694 F.2d at 1011. Petitioner now claims for the first time in his reply to Respondent's answer to his federal habeas petition that officer Ross's testimony regarding the events could have been impeached by pointing out that he had "a vested interest in lying" so as to "cover up his actions" and that he went against police-department policy. (Pet'r's Reply 2, doc. 17.) He also claims for the first time in his reply that officers Ross's and Dacus's perjured testimony—that the only reason they were still alive was that the wrong ammunition was in the gun—could have been impeached by the medical examiner's testimony. (Id.) However, new legal theories and/or factual issues raised for the first time in a reply brief

11

need not be considered on federal habeas review. *See Sangs,* 2001 WL 1747884, at *1.

Finally, Petitioner claims counsel were ineffective by failing to move for suppression of "altered states evidence." (Pet. 6, doc. 5.) This claim is vague and insufficient to plead an ineffective-assistance-of-counsel claim. *See United States v. Pineda,* 988 F.2d 22, 23 (5th Cir. 1993).

Applying the appropriate deference to the state courts' express and implied factual findings and presuming that the state courts applied the *Strickland* standard to Petitioner's claims, it does not appear that the state courts' rejection of the claims was unreasonable. Petitioner has not demonstrated deficient performance or shown any reasonable probability that the outcome of his trial would have been different but for counsel's representation. A petitioner shoulders a heavy burden to overcome a presumption that his counsel's conduct is strategically motivated, and to refute the premise that "an attorney's actions are strongly presumed to have fallen within the wide range of reasonable professional assistance." *Messer v. Kemp,* 760 F.2d 1080, 1090 (11th Cir. 1985). Petitioner has presented no evidentiary, factual, or legal basis in this federal habeas action that could lead the Court to conclude that the state courts unreasonably applied the standards set forth in *Strickland* based on the evidence presented in state court. 28 U.S.C. § 2254(d). Petitioner is not entitled to relief under his

first ground.

Under his third ground, Petitioner claims his appellate counsel was ineffective by failing to consult with him concerning his appeal; filing an inadequate brief that did not raise relevant issues requested by him; and failing to seek additional appellate review. (Pet. 7, doc. 5.) To prevail on a claim of ineffective assistance of counsel on appeal, a petitioner must make a showing that had counsel performed differently, he would have prevailed on appeal. *Sharp v. Puckett,* 930 F.2d 450, 453 (5th Cir. 1991) (citing *Strickland,* 466 U.S. at 687)). Appellate counsel is not required to urge every possible argument, regardless of merit. *Smith v. Robbins,* 528 U.S. 259, 288 (2000); *Sharp,* 930 F.2d at 452. It is counsel's duty to choose among potential issues, according to his judgment as to their merits and the tactical approach taken. *Jones v. Barnes,* 463 U.S. 745, 749 (1983). Petitioner fails to raise any meritorious claims in this petition. Prejudice does not result from appellate counsel's failure to assert meritless claims or arguments. *See United States v. Wilkes,* 20 F.3d 651, 653 (5th Cir. 1994). Thus, it follows that counsel was not ineffective for failing to raise one or more of Petitioner's claims on appeal.

Further, the record is silent as to whether counsel informed Petitioner of the availability of discretionary review. The United States Supreme Court has determined that there is no right to counsel for discretionary reviews in state court; hence, counsel

could not be held ineffective for failing to notify Petitioner that he could seek discretionary review on his own. *See Wainwright v. Torna,* 455 U.S. 586, 587-588 (1982). While Texas law requires appellate counsel to notify the client that the appellate court has affirmed his conviction and inform the client that he has a right to file a *pro se* petition for discretionary review, this claim is not cognizable on federal corpus review. A federal habeas court does not function to review a state's interpretation of its own law. *See Amador v. Quarterman,* 458 F.3d 397, 412 (5th Cir. 2006). *See also Ex parte Wilson,* 956 S.W.2d 25, 26-27 (Tex. Crim. App. 1997) (providing appellate counsel is required to inform client of appellate court's decision and his right to seek discretionary review). Additionally, absent any probative evidence establishing that counsel failed to notify Petitioner of his right to pursue a *pro se* petition for discretionary review, this Court may presume that counsel acted reasonably by complying with state law on the issue. *See Cone,* 535 U.S. at 702. Petitioner is not entitled to relief under his third ground.

*2. Prosecutorial Misconduct*

Under his second ground, Petitioner claims that the prosecutor made highly inflammatory and false statements during opening and closing arguments; knowingly sought admission of altered exculpatory evidence; and failed to inform the trial court of perjured testimony of a state's witness. (Pet. 6, doc. 5; Pet'r's

14

Mem. 5, doc. 1.) This was the extent of Petitioner's claim and argument in the state courts. He did not cite the state courts to the complained-of argument, identify the "altered exculpatory evidence," or direct the courts to the alleged perjured testimony. As such, this claim was vague and insufficient to plead a constitutional violation. *See Pineda,* 988 F.2d at 23. To the extent Petitioner attempts to more fully develop the claims for the first time in his reply brief to Respondent's answer, new legal theories and/or factual issues raised for the first time in a reply brief need not be considered on federal habeas review. *See Sangs,* 2001 WL 1747884, at *1. Petitioner is not entitled to relief under his third ground.

*3. Judicial Failure to Conduct Impartial Court Proceedings*

Under his fourth and final ground, Petitioner claims that the trial court failed to rule on multiple pretrial motions and to *sua sponte* order "complete production" of the dashcam videos and that the court showed bias by failing, on its own motion, to grant a continuance to investigate whether the dashcam videos were tampered with or whether they could have been restored. (Pet. 7, doc. 5; Pet'r's Mem. 6, doc. 1.) Petitioner cites no authority that it is a federal constitutional requirement that a state trial court, *sua sponte,* rule on pending motions or grant a continuance under these circumstances. This conclusory claim fails to present a cognizable claim. *See Ross,* 694 F.2d at 1011-12.

*4.   Evidentiary Hearing*

Petitioner complains in his reply brief that he is entitled to a full and fair opportunity to present his claims and to have them fully litigated. According to Petitioner, he did not have an adequate review of his claims in state court because any evidence establishing factual proof of his assertions is in the hands of the trial court, the prosecution, and police authorities. (Pet'r's Reply 4, doc. 17.) However, a full and fair hearing in state court does not necessarily require live testimony. *See Murphy v. Johnson,* 205 F.3d 809, 816 (5th Cir.), *cert. denied,* 531 U.S. 957 (2000). Petitioner had an opportunity to present his claims in the state courts but did so in such a vague and conclusory fashion as to render a merits review of the claims impractical, if not impossible. He now seeks federal habeas relief on factual allegations that were never made in the Texas courts, which he may not do. *See* 28 U.S.C. § 2254(b)(1)(A); *Cullen v. Pinholster,* 563 U.S. 170, 181-82 (2011) (holding review by a federal court under § 2254 is limited to the record before the state courts).

## VI.  Conclusion

For the reasons discussed, the Court DENIES Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Further, a certificate of appealability will not be issued. Such a certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28

16

U.S.C. § 2253(c)(2). "Under this standard, when a district court denies habeas relief by rejecting constitutional claims on their merits, 'the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *McGowen v. Thaler,* 675 F.3d 482, 498 (5th Cir. 2012) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). Petitioner has not made a showing that reasonable jurists would question this Court's resolution of his constitutional claims. Therefore, a certificate of appealability should not issue.

SIGNED May 3, 2018.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE